| | |
|---|---|
| 1 | DONNA M. MEZIAS (SBN 111902) |
| 2 | WILLIAM J. EDELMAN (SBN 285177)<br>dmezias@akingump.com |
| 3 | wedelman@akingump.com<br>AKIN GUMP STRAUSS HAUER & FELD LLP |
| 4 | 580 California Street, Suite 1500<br>San Francisco, CA 94104 |
| 5 | Telephone:   415-765-9500<br>Facsimile:   415-765-9501 |
| 6 | Attorneys for Home Depot U.S.A., Inc. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC JACKSON, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. REMODELERS, INC., dba HOME DEPOT INTERIORS, a Delaware Corporation; U.S. REMODELERS, INC. dba U.S. HOME SERVICES, an unincorporated association; THE HOME DEPOT, INC., a Delaware Corporation; HOME DEPOT U.S.A., INC., a Delaware Corporation; CRAIG A. MENEAR, an individual; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-01163-CJC-JEM<br><br>DECLARATION OF WILLIAM J. EDELMAN IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS<br><br>[Notice of Motion and Motion, Declaration of Marla Bures and Proposed Order filed concurrently]<br><br>Date:    April 1, 2019<br>Time:   1:30 p.m.<br>Crtm:   7C<br>Judge:  Hon. Cormac J. Carney<br><br>Date Action Filed: January 10, 2019<br>Date Action Removed: February 14, 2019 |

DECLARATION OF WILLIAM J. EDELMAN IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS

<u>DECLARATION OF WILLIAM J. EDELMAN</u>

I, William J. Edelman, certify and declare as follows:

1. I am a counsel at the law firm of Akin Gump Strauss Hauer & Feld LLP, and counsel of record for defendant Home Depot U.S.A., Inc. ("Home Depot") in this action. I make this declaration based on my own personal knowledge, and if called as a witness, could and would testify competently to the facts stated herein. I submit this declaration in support of Defendant's Motion to Compel Arbitration and to Stay Proceedings.

2. On January 10, 2019, Marc Jackson filed this action in state court asserting ten causes of action under California law. The plaintiff's central claim is that Home Depot misclassified him and other employees as exempt employees and consequently failed to pay overtime wages, provide proper meal and rest breaks, issue accurate wage statements, and maintain proper timekeeping records.

3. Plaintiff served Home Depot with the complaint on January 15, 2019. On February 14, 2019, Home Depot removed the action to this Court. There have been no other pleadings or motion practice in this action.

4. No discovery has been propounded by any party in this action nor any disclosures made or documents informally exchanged except in connection with the meet and confer efforts regarding Home Depot's motion to compel arbitration discussed below.

5. On February 14, 2019, I sent an email to Jackson's counsel enclosing the arbitration agreement and a copy of the court's Order compelling arbitration based on an identical arbitration agreement in *Rogers v. THD At-Home Services, Inc.*, No. 5:14-cv-02069-JGB-SP (C.D. Cal.) requesting that Jackson arbitrate his individual claims, and informing plaintiff's counsel that Home Depot intended to move to compel arbitration if plaintiff would not voluntarily agree to arbitrate the claims. I sent a follow-up email to plaintiff's counsel on February 19, 2019.

DECLARATION OF WILLIAM J. EDELMAN IN SUPPORT OF MOTION TO COMPEL
ARBITRATION AND TO STAY PROCEEDINGS

|   |   |
|---|---|
| 1 | 6. On February 21, 2019, I conferred by telephone with Jackson's counsel, Galen T. Shimoda, Esq., to discuss the substance of this motion. My office is in San Francisco, and plaintiff's counsel practice in Elk Grove, California, thereby making an in-person conference impractical. Plaintiff's counsel did not agree to the relief requested in this motion, and the parties did not reach a compromise or agreement regarding the requested relief. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 21, 2019, in San Francisco, California.

                                        William J. Edelman