# EXHIBIT A



## DISPUTE RESOLUTION AGREEMENT

1)  This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and evidences a transaction involving commerce. This Agreement applies to any dispute arising out of or related to Employee's employment with U.S. Remodelers, Inc., or one of its affiliates, subsidiaries or parent companies ("Company") or termination of employment. Nothing contained in this Agreement shall be construed to prevent or excuse Employee from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended to be a substitute for the utilization of such procedures. Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law, and therefore this Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial. Such disputes include without limitation disputes arising out of or relating to interpretation or application of this Agreement, but not as to the enforceability, revocability or validity of the Agreement or any portion of the Agreement. The Agreement also applies, without limitation, to disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and rest periods, termination, or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, and state statutes, if any, addressing the same or similar subject matters, and all other state statutory and common law claims (excluding workers compensation, state disability insurance and unemployment insurance claims). Claims may be brought before an administrative agency but only to the extent applicable law permits access to such an agency notwithstanding the existence of an agreement to arbitrate. Such administrative claims include without limitation claims or charges brought before the Equal Employment Opportunity Commission, the U.S. Department of Labor, and the National Labor Relations Board. Nothing in this Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration. Disputes that may not be subject to predispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203) are excluded from the coverage of this Agreement. Private attorney general representative actions are not covered within the scope of this Agreement and may be maintained in a court of law, but an Employee may seek in arbitration individual remedies for him or herself under any applicable private attorney general representative action statute, and the arbitrator shall decide whether an Employee is an aggrieved person under any private attorney general statute.

2)  A neutral arbitrator shall be selected by mutual agreement of the parties. The location of the arbitration proceeding shall be in the general geographical vicinity of the place where the Employee last worked for the Company, unless each party to the arbitration agrees in writing otherwise. If for any reason the parties cannot agree to an arbitrator either party may apply to a court of competent jurisdiction for appointment of a neutral arbitrator. The court shall then appoint an arbitrator, who shall act under this Agreement with the same force and effect as if the parties had selected the arbitrator by mutual agreement. If the Employee no longer resides in the general geographical vicinity

where he or she last worked for the Company and the parties cannot agree to a location of the arbitration, either party may apply to a court of competent jurisdiction for a determination of the location of the arbitration.

3)   A demand for arbitration must be in writing and delivered by hand or first class mail to the other party within the applicable statute of limitations period. Any demand for arbitration made to the Company shall be provided to the U.S. Remodelers, Inc., Legal Department, 2951 Kinwest Parkway, Irving, TX  75063. The arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration.

4)   In arbitration, the parties will have the right to conduct civil discovery, bring motions, and present witnesses and evidence as provided by the forum state's procedural rules. However, there will be no right or authority for any dispute to be brought, heard or arbitrated as a class or collective action. ("Class Action Waiver"). Notwithstanding any other clause contained in this Agreement, the preceding sentence shall not be severable from this Agreement in any case in which the dispute to be arbitrated is brought as a class or collective action. Regardless of anything else in this Agreement and/or any rules or procedures that might otherwise be applicable by virtue of this Agreement or any amendments and/or modifications to those rules, the interpretation, applicability, enforceability or formation of this Class Action Waiver, including, but not limited to any claim that all or part of this Class Action Waiver is void or voidable, may be determined only by a court and not by an arbitrator. A private attorney general action (as distinguished from a class or collective action) may not be brought in arbitration but may be brought in a court of competent jurisdiction; however, an Employee may seek in arbitration individual remedies for him or herself under any applicable private attorney general representative action statute. Notwithstanding this Class Action Waiver, the Company and Employee agree that the Employee is not waiving his or her right under Section 7 of the National Labor Relations Act to file a class or collective action in court and that the Employee will not be disciplined or threatened with discipline if the Employee does so. The Company, however, may lawfully seek enforcement of the Class Action Waiver contained in this Agreement under the Federal Arbitration Act and seek dismissal of any such claims.

5)   Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. However, in all cases where required by law, the Company will pay the Arbitrator's and arbitration fees. If under applicable law the Company is not required to pay all of the Arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties by the Arbitrator in accordance with said applicable law.  Any party to this Agreement may file in a court of competent jurisdiction an application for temporary or preliminary injunctive relief in connection with a controversy arbitrable under this Agreement on the ground that the award to which the applicant may be entitled may be rendered ineffectual without such relief, and such an application shall not waive any right of arbitration the applicant may have under this Agreement.

6)   Within 30 days of the close of the arbitration hearing, any party will have the right to prepare, serve on the other party and file with the Arbitrator a brief. The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in a court of law for the claims presented to and decided by the Arbitrator. The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. Except as may be permitted or required by law, neither a party nor an Arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of all parties. A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration.

7)   An Employee may submit a form stating that the Employee wishes to opt out and not be subject to this Agreement. The Employee must submit a signed and dated statement on a "Dispute Resolution Agreement Opt Out" form ("Form") that can be obtained from the U.S. Remodelers, Inc., Human Resources Department, 2951 Kinwest Parkway, Irving, TX   75063. In order to be effective, the signed and dated Form must be returned to the Human Resources Department within 30 days of the Employee's receipt of this Agreement. An Employee choosing to opt out will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies. Should an Employee not opt out of this Agreement within 30 days of the Employee's receipt of this Agreement, continuing the Employee's employment constitutes mutual acceptance of the terms of this Agreement by Employee and the Company. You have a right to consult with counsel of your choice concerning this Agreement.

8)   This Agreement is the full and complete agreement relating to the formal resolution of employment-related disputes and supersedes all prior agreements or policies regarding the formal resolution of employment-related disputes, including, without limitation, the "Legal Proceedings and Arbitration" policy contained in the April 2010 Company handbook and any other provision addressing dispute resolution or arbitration contained in any employment agreement between an Employee and the Company. Except as stated in paragraph 4, above, in the event any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable. If the Class Action Waiver is deemed to be unenforceable, the Company and Employee agree that this Agreement is otherwise silent as to any party's ability to bring a class and/or collective action in arbitration.


Murray Gross, President                                      Employee Signature


                                                             Marc Jackson
                                                             Employee Name (Printed)

                                                             Dated: _____

## Electronic Signature

Filling in the following information will constitute your eSignature and will have the same legal impact as signing a printed version of this document.

 Password Verified



Name: *Marc Jackson*
Date: 8/1/12 (m/d/yy)
Signature ID: AK3PPC09V-4AFQ1OQ5Q

Powered by Taleo ✕